


**ORDERED in the Southern District of Florida on April 17, 2020.**

Paul G. Hyman, Jr.,Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**In re:** **CASE NO.: 19-22662-BKC-PGH**

**Evelyn Theresa Hordatt,** **CHAPTER 13**

**Debtor.**
**_______________________________________/**

**ORDER SUSTAINING DEBTOR'S RENEWED OBJECTION TO CLAIM # 1 OF BANK OF NEW YORK MELLON TRUST COMPANY/CIT BANK, N.A.**

**THIS MATTER** came before the Court for hearing on April 6, 2020 upon the Debtor's *Renewed Objection to Claim # 1 of Bank New York Mellon Trust Company/CIT Bank, N.A.* (the "Objection") (ECF No. 43). In the Objection, the Debtor objects to the claim filed by Bank of New York Mellon/CIT Bank, N.A. (the "Creditor") based upon her assertion that she is a "Borrower" under the terms of the Creditor's mortgage, which prevents the Creditor from accelerating the mortgage

until she is deceased or has vacated the property. The Creditor filed a Response to the Objection (ECF No. 54) asserting that, based upon all of the documents signed contemporaneously with the mortgage, the Debtor is not a "Borrower" and the death of the Debtor's husband allowed for the acceleration of the Creditor's mortgage so that the Debtor must pay the entire amount due under the mortgage in her chapter 13 plan in order to retain the subject property. For the reasons discussed below, the Court sustains the objection.

## FACTUAL BACKGROUND

The parties stipulated that there are no disputed facts and that the Court may determine the facts in this case based upon a review of the following documents that are part of the record in this proceeding: the Mortgage (ECF No. 52, pp. 6-25, No. 55, pp. 7-25, & No. 54-1, pp. 2-11), the Note (ECF No. 54-1, pp. 12-17), the Warranty Deed (ECF No. 54-2), the Loan Application (ECF No. 56-1), and the Loan Agreement (ECF No. 56-2), and the case file.

On March 8, 2008, the Debtor's late husband entered into two promissory notes entitled "Adjustable Rate Note (Home Equity Conversion)" (collectively, the "Note") with the Creditor. Contemporaneously with the execution of the Note, the Debtor, joined her husband in signing two Reverse Mortgages (collectively, the "Mortgage") to secure the Note.

The Mortgage contains the following relevant provisions:

1. The opening paragraph states that "The mortgagor is Garth Richard Hordatt, joined by his spouse, Evelyn T. Hordatt, whose address is 8881 SW

33rd St. Miramar, Florida 33025 ("Borrower")."

2. Above the signature block, the Mortgage states that "BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it." The Debtor's signature appears below this statement and the Debtor's name is typed below her signature followed by the word "Borrower."
3. Paragraph (2) provides that the "Borrower shall pay all property charges consisting of taxes, ground rents, flood and hazard insurance premiums, and special assessments in a timely manner, . . . ."
4. Paragraph 9(A)(i) states that the Creditor "may require immediate payment in full of all sums secured by [the Mortgage] if [a] Borrower dies and the Property is not the principal residence of at least one surviving Borrower."

On the same date as the closing on the Note and the Mortgage, the Debtor and her husband executed a Warranty Deed transferring the property to the Debtor's husband, individually. Also on that date, only the Debtor's husband signed the Loan Agreement and the Loan Application, both of which define the Debtor's husband as the "Borrower" without reference to the Debtor. Nothing in the Mortgage incorporates or references any of these additional documents.

After the death of the Debtor's husband, the Creditor filed a foreclosure proceeding on the subject property based upon Paragraph 9(A)(i). On September 23,

2019, the Debtor filed this Chapter 13 proceeding, which stayed the foreclosure action. In her plan, the Debtor has proposed to cure arrearages due on the taxes and insurance for the property.

The Debtor has objected to the Creditor's claim because the Creditor included the principal and interest due under the Note in the claim. The Debtor asserts that under the terms of the Mortgage, she is a "Borrower," and the subject property remains her principal residence, and therefore, the Mortgage cannot be accelerated until she is deceased or has vacated the property. The Creditor does not contest the assertion that the subject property is the Debtor's principal residence, but insists that the Debtor is not a "Borrower." The Creditor argues that the Court should consider all of the loan documents to determine the Debtor's status under the Mortgage, and based upon the review of all of the loan documents, the Debtor is not a "Borrower," thus the death of the Debtor's husband allows for the acceleration and foreclosure of the Mortgage. Based upon this interpretation, the Creditor asserts that its claim properly includes the principal and interest due, and that the Debtor must cure these amounts along with the arrearages for taxes and insurance in her chapter 13 plan in order to retain the property.

**LEGAL ANALYSIS**

The Florida Third District Court of Appeals ("Third DCA") recently decided whether the surviving spouse is a borrower under a reverse mortgage, in a case with facts similar to those in this proceeding, *en banc* in *OneWest Bank, FSB v. Palermo ("Palermo")*, 283 So. 3d 346 (Fla. 3d DCA 2019). In *Palermo*, the *en banc* Third DCA

determined that because the mortgage unambiguously defined the surviving spouse as a borrower and failed to incorporate the other documents, including a document titled the "Non-Borrowing Spouse Ownership Interest Certification," it would not consider these other documents and would not "graft inconsistent provisions contained in collateral loan documents on the reverse mortgage to alter those unambiguous provisions." *Id.* at 353. Based on this determination, the Third DCA held that "when the surviving spouse signed the mortgage as a borrower, as revealed by examination of the mortgage itself, the spouse will be treated as a borrower for the purposes of the mortgage." *Id.* at 355 (internal quotation marks and citation omitted).

The Third DCA also endorsed its previous decisions on this issue. *See id.* at 351–52 (deciding that the *Palermo* case is controlled by *Smith v. Reverse Mortg. Sols., Inc.*, 200 So. 3d 221(Fla. 3d DCA 2016) and citing to *Edwards v. Reverse Mortg. Sols., Inc.*, 187 So. 3d 895 (Fla. 3d DCA 2016)). In *Smith*, the Third DCA considered a mortgage with language and provisions almost identical to those in the Mortgage here and decided that "based on the plain and unambiguous language of the mortgage" both the husband and wife were "borrowers" under its terms. *See Smith*, 200 So. 3d at 226. In *Edwards*, the Third DCA decided that the surviving spouse was a "borrower" under the terms of a mortgage even though the spouse had executed a quitclaim deed of the property to her husband prior to signing the mortgage. *See Edwards*, 187 So. 3d at 896–97.

The Court recognizes that this same issue was considered by the Southern District of Florida District Court in *Reverse Mortg. Solutions, Inc. v. Nunez*, 598

B.R. 876 (S.D. Fla. 2019), and there, the District Court decided that the surviving spouse was not a "borrower" based upon a review of all the documents in that case. *See Nunez*, 598, B.R. at 883–84. While *Nunez* had facts similar to this case, the decision was based upon the panel decision in *OneWest Bank, FSB v. Palermo*, 2018 WL 1832326 (Fla. 3d DCA 2018) that was withdrawn by the Third DCA *en banc* decision referenced above. *See id.* at 883. The Third DCA *en banc* decision was entered the month after the reversal by the District Court. *See Palermo*, 285 So. 3d at 346 (withdrawing the panel decision).

This Court additionally determines that the decision by the Florida Fourth District Court of Appeals in *Nationstar Mortg. Co. v. Levine*, 216 So. 3d 711 (Fla. 4th DCA 2017) is distinguishable from this case because the mortgage in that case defined the surviving spouse both as a borrower and as a "non-borrowing spouse," thus creating an ambiguity within the mortgage document and necessitating a review of other loan documents to resolve the conflicting provisions.

Even if this Court considered all the additional documents submitted by the Creditor, nothing in the Loan Agreement, Loan Application, Warranty Deed, or Note alters the definition of the term "Borrower" as it is defined in the Mortgage. The Warranty Deed does not contain a definition of "Borrower" and, therefore, does not affect the terms used within the Mortgage. The Loan Application is superseded by the plain language contained in the Mortgage and the Note. Because the Debtor is a party to the Mortgage and not a party to the Note, the Creditor's only claim against the Debtor is the *in rem* claim on the property based upon the terms of the Mortgage.

*See Palermo*, 283 So. 3d at 355. Both the Mortgage and the Note provide that the Creditor's ability to enforce the Note is solely based upon the sale of the subject property covered by the Mortgage. (*See* ECF No. 54-1, p. 5, ¶ 10 & p. 12, ¶ 4). Therefore, the definition of "Borrower" in the Mortgage controls over the conflicting definition of "Borrower" in the Note because the Note defines the parameters of the debt owed by the Debtor's husband and the Mortgage defines the parameters of the Creditor's ability to enforce the obligation created by the Note. *See Palermo*, 283 So. 3d at 355.

Because the Mortgage clearly and unambiguously defines the Debtor as a "Borrower," and fails to incorporate any documents, such as the Loan Application, the Loan Agreement, the Note, or the Warranty Deed, into the terms of the Mortgage, the Creditor has not met all of the conditions precedent required for the acceleration of the amounts due on the Note. Additionally, after consideration of all the loan documents, the Debtor is a "Borrower" under the terms of the Mortgage, and the condition precedent to acceleration of the amounts due under the Mortgage was not met. Therefore, the claim filed by the Creditor is allowed only as to the amounts due for the taxes and insurance on the subject property.

For the reasons stated above, it is ORDERED that:

1. The Renewed Objection to Claim # 1 of Bank New York Mellon Trust Company/CIT Bank, N.A. is SUSTAINED.

2. Claim # 1 is DISALLOWED except for the amounts due on the taxes and insurance.

###

Copies Furnished To:
All Parties in Interest